UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
CESAR GIL, individually and on behalf of all others similarly situated,

                        Plaintiff,

-against-

SANJAY PALLETS INC. and MOHAMED SALEM SHAHEED,

                        Defendants.
------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Cesar Gil ( "Gil" or "Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Sanjay Pallets Inc. ("Sanjay Pallets") and Mohamed Salem Shaheed ("Shaheed") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

1

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. Sanjay Pallets is a domestic corporation with its principal place of business located at 424 Coster Street, Bronx, New York 10474.

10. Shaheed is an individual residing, upon information and belief, in the State of New York.

11. At all relevant times, Shaheed was an owner, officer, and/or person in control of Sanjay Pallets.

12. At all relevant times, Shaheed was and still is an officer, director, shareholder, and/or person in control of Sanjay Pallets, who exercised significant control over Sanjay Pallets' operations; had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13. At all relevant times, Defendants were responsible for setting Plaintiff's schedule, determining his day-to-day activities, and supervising his performance.

14. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15. At all relevant times, Defendants were responsible for compensating Plaintiff.

16. Shaheed exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer for the purposes of the FLSA and NYLL.

17. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

18. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

19. Defendants operate in interstate commerce.

20. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

21. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

22. The FLSA Collective Plaintiffs consist of no less than fourteen (14) similarly situated current and former pallet repairers employed by Defendants, who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation.

23. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to compensate pallet repairers with overtime compensation for all hours worked in excess of forty (40) per week.

24. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

25. Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

26. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

27. Defendants employed Plaintiff as a pallet repairer from in or around March 2018 until in or around April 2019.

28. As a pallet repairer, Plaintiff's job duties included, *inter alia*, sorting and organizing pallets into different groups depending on the type of pallet; transporting pallets to and from his work station; repairing pallets; and cleaning his work station.

29. Throughout his employment with Defendants, Plaintiff regularly worked five (5) days per week, as follows: Mondays through Fridays from between 4:30 a.m. or 5:00 a.m. until approximately 4:00 p.m., with a daily twenty (20) minute coffee break and forty (40) minute lunch break, for an average of approximately 51.25 hours worked per week.

30. Defendants did not track or otherwise record the actual hours Plaintiff worked throughout his employment.

31. Throughout Plaintiff's employment with Defendants, Plaintiff was required to repair three (3) kinds of pallets: "Number One Pallets," "Regular Pallets," and "Plo Pallets."

32. Defendants compensated Plaintiff at a rate of $11.00 per set of twenty-one (21) Number One Pallets repaired by Plaintiff.

33. Defendants compensated Plaintiff at a rate of $8.00 per set of twenty-one (21) Regular Pallets repaired by Plaintiff.

34. Defendants compensated Plaintiff at a rate of $7.00 per set of twenty-one (21) Plo Pallets repaired by Plaintiff.

35. Throughout Plaintiff's employment, Plaintiff repaired approximately 1,200 to 1,500 pallets per week.

36. Throughout Plaintiff's employment with Defendants, Plaintiff's compensation ranged from approximately $450.00 per week to approximately $600.00 per week.

37. Despite regularly working more than forty (40) hours per week, Plaintiff did not receive the proper minimum wages and overtime compensation owed to him.

38. Furthermore, although Plaintiff regularly worked shifts that spanned more than ten (10) hours per day, Defendants failed to compensate Plaintiff with an additional hour's pay at the minimum wage rate for every day in which Plaintiff's shifts exceed ten (10) hours.

39. Defendants also failed to furnish Plaintiff with a payroll notice at the time of his hire containing allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195 (1).

40. Defendants further failed to furnish Plaintiff with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

41. Defendants violated federal and state law by willfully failing to pay Plaintiff the applicable minimum wages, overtime compensation, and spread of hours wages to which Plaintiff was entitled, and by failing to provide Plaintiff with the required wage statements and payroll notices required under NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(*Overtime Violations under the FLSA*)

42. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

43. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

44. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

45. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

46. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

47. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

48. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the NYLL)*

49. Plaintiff repeats and realleges all prior allegations set forth above.

50. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

51. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

52. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times the regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

53. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

54. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

55. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(*Minimum Wages Violations under the NYLL*)

56. Plaintiff repeats and realleges all prior allegations set forth above.

57. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wages for all hours worked.

58. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours he worked.

59. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

60. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

61. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Spread of Hours Violations under the NYLL*)

62. Plaintiff repeats and realleges all prior allegations set forth above.

63. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

64. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which he worked a spread of more than ten (10) hours.

65. By failing to pay Plaintiff spread of hours pay, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

66. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Payroll Notices Under the NYLL*)

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

69. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

70. Judgement should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Provide Wage Statements under the NYLL*)

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the accurate number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in violation of NYLL § 195(3).

73. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

74. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
(*Failure to Timely Pay Wages Under the NYLL*)

75. Plaintiff repeats and realleges all prior allegations.

10

76. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

77. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

78. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

79. Throughout the relevant period, Defendants failed to pay Plaintiff all minimum, overtime, and spread of hours wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

80. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

81. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

82. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all spread of hours wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

h) interest;

i) costs and disbursements; and

j) such other and further relief as is just and proper.

Dated: New York, New York
       May 10, 2020

/s/ Katherine Morales
Katherine Morales
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
(212) 428-1871
kymorales@katzmelinger.com
*Attorneys for Plaintiff*