# FRANKLIN, GRINGER & COHEN, P.C.

ATTORNEYS AT LAW

GLENN J. FRANKLIN
MARTIN GRINGER
STEVEN ELLIOT COHEN
JOSHUA A. MARCUS*
MICHAEL S. MOSSCROP
JASMINE Y. PATEL*

DANIEL F. CARRASCAL
*ADMITTED IN NY AND NJ

666 OLD COUNTRY ROAD, SUITE 202
GARDEN CITY, NEW YORK 11530-2013
TELEPHONE (516) 228-3131 • FAX (516) 228-3136
NEW YORK CITY TELEPHONE (212) 725-3131 • FAX (212) 725-3268

KEN SUTAK
OF COUNSEL

NEW YORK CITY OFFICE
150 EAST 58TH ST., 27TH FL.
NEW YORK, NY 10155

DIRECT ALL CORRESPONDENCE
TO GARDEN CITY OFFICE

July 23, 2020

> Per the terms of the Court's Order of May 11, 2020, *see* ECF No. 7, the parties are required to conduct a mediation with the Magistrate Judge. The Order provides that if a party believes "that early mediation would not be appropriate in this case," it "shall file a letter motion seeking relief from the foregoing requirements no later than the deadline to answer." No such motion having been filed, the Court's order requires mediation. If the parties need an adjournment of the initial pretrial conference to ensure that they can conduct the mediation by the deadline, they should confer and submit a letter motion to that effect. The Clerk of Court is directed to terminate ECF No. 16. SO ORDERED.
>
> *[signature]*
>
> July 23, 2020

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

Re: **CESAR GIL v. SANJAY PALLETS INC. et al.**
     Index No. 20-cv-03633-JMF

Dear Judge Furman:

We represent Defendants Sanjay Pallets Inc. and Mohamed Salem Shaheed in the above-referenced matter. Pursuant to Your Honor's Order dated May 11, 2020 (which is the Court's general order regarding mediation issued at the outset of a FLSA case), the parties were to contact the chambers of Magistrate Judge Gorenstein no later than one week after an answer was filed to schedule a settlement conference to take place at least two weeks before the initial pretrial conference scheduled for August 11, 2020.

Defendants are willing to take part in a settlement conference. However, Plaintiff has not provided Defendants with an initial settlement demand or engaged in any settlement discussions. Rather, Plaintiff has advised the undersigned that they will not take part in a settlement conference until after they have filed a motion for collective certification. As set forth in Your Honor's May 11th Order, the parties were to schedule such mediation within one week of the filing of Defendants Order "unless and until the Court orders otherwise." [Docket No. 7]. Defendants filed their answer on July 14, 2020. [Docket No. 15]. Yet, to date, no such application has been made by Plaintiff's counsel. Defendants believe that it is proper to have the settlement conference prior to motion practice and in accordance with Your Honor's Order for the purpose of effectuating the Court's experience that FLSA claims often benefit from early mediation. As such, we respectfully request that a settlement conference be held.

We thank Your Honor in advance for your consideration.

Very truly yours,
**FRANKLIN, GRINGER & COHEN, P.C.**

*/s/ Patel*
Jasmine Patel

cc: Plaintiff's counsel via ECF